NICHOLAS P. KATSONES et ux., petitioners, v. HONORABLE HAROLD V. LEWIS, Judge of Second Judicial District, respondent.

No. 49185.

(Reported in 82 N.W.2d 727)

MAY 7, 1957.

Bailey C. Webber and Gilmore, Dull & Keith, all of Ottumwa, for petitioners.

Moon, Barnes & Schlegel, of Ottumwa, for respondent.

OLIVER, J.—This proceeding in certiorari stems from a personal injury action in Wapello District Court, brought by Maude Duree against Nicholas P. Katsones and Ligerie N. Katsones, petitioners herein, for $102,801. Trial resulted in judgment against the Katsones for $2450. Maude Duree appealed July 18, 1956. Thereafter the trial court, Judge Levis, made the following orders in said cause:

(1) October 16, 1956, extending to January 4, 1957, the time for filing the printed record on appeal.

(2) October 30, overruling appellees' motion of October 29, to set aside said order.

(3) November 6, reaffirming the two orders upon notice, resistance and hearing.

Upon petition of the Katsones we ordered that a Writ of Certiorari issue, to review said orders.

In the damage action Maude Duree was represented by Moon, Barnes & Schlegel. The Katsones had liability insurance in the amount of $10,000. They were defended by Wilbur R. Dull of Gilmore, Dull & Keith, retained by the insurance company, and by Bailey C. Webber who was retained by the Katsones themselves. All the attorneys live in Ottumwa.

After Maude Duree's appeal was taken there was a delay of two months in ordering the reporter's transcript of the evidence, due to her inability to pay for it (about $450). Her attorneys were advised its preparation would require from six to eight weeks time thereafter. One of them had spoken to Mr. Dull about an extension of time for filing the record and had been told if the transcript was ordered there would probably be no difficulty in securing this. The time for filing the record on appeal would expire October 16. That day her attorneys prepared an application for extension of time for filing abstract of record, on the ground the transcript was not completed. They prepared also a stipulation for the attorneys and an order to be signed by the court. The stipulation stated an order should be made extending to January 4, 1957, the time for filing the printed record, as provided by R. C. P. 342(a). In the stipulation and order were blanks for signature by Gilmore, Dull & Keith, Bailey C. Webber, and Moon, Barnes & Schlegel.

Mr. Barnes undertook to secure the signatures of Mr. Webber and Mr. Dull. However, both of them were temporarily absent from Ottumwa and could not be contacted during office hours. At 6:30 p. m., Mr. Barnes succeeded in locating Mr. Dull at a club and requested him to sign the stipulation. Mr. Dull glanced at it and asked Mr. Barnes "why didn't" he see Mr. Webber about it and Mr. Barnes replied, he "planned to" do so. Mr. Dull read the stipulation, discussed one part of it with Mr. Barnes, read the order, signed the stipulation, signed the approval on the order, took copies of each and handed the originals to Mr. Barnes. As they separated, Mr. Dull turned and told Mr. Barnes to "be sure" to see Mr. Webber, because he had "signed on condition that Mr. Webber sign."

Mr. Webber had not returned to Ottumwa and Mr. Barnes' continued efforts to contact him were unsuccessful. At 9:30 p. m., Mr. Barnes realized the end of the calendar day was approaching. He tried to contact Judge Levis at the Judge's home in Chariton and later located him at a hotel in Keosauqua. Mr. Barnes drove to that town, met the judge and told him the details of his conversation with Mr. Dull and his efforts to locate Mr. Webber. Judge Levis signed the order. Mr. Barnes returned to Ottumwa, and in a final attempt to contact Mr. Webber drove past his home twice but saw no lights there. Arrangements had been made with the clerk of the district court to open his office, and the application, stipulation and order were filed there a few minutes before midnight.

October 29 appellees filed motion to set aside and vacate the order of October 16, alleging the stipulation was invalid because it was conditioned upon the securing of Mr. Webber's consent and signature and the order was ex parte and without power or jurisdiction of the court. Appellant's resistance controverted these allegations and conclusions, and prayed that the motion be overruled: "In the alternative, should the Court set aside said Order, plaintiff prays the Court to consider the Application of plaintiff for extension of time for filing the transcript and record and that upon such consideration the Court grant an extension of ninety days time within which to file said transcript and record." The motion was heard October 30. There was no substantial conflict in the evidence.

The court overruled the motion, stating, in part:

"The Court recognizes generally, and without exception so far as the Court's experience is concerned, attorneys have agreed for the extension of the ninety-day period, and knowing that that was the general practice, and that this conversation that had been had with Mr. Dull even before the abstract was ordered, or the transcript was ordered, the Court felt that it might be considered in the nature of an estoppel, or at least tend to put the appellant at ease, so far as any difficulty in getting the extension of time is concerned, and observing that it had been signed by Mr. Dull, that is, the stipulation, and having in mind the conversation which Mr. Barnes related had been had with him, the Court took the position that it would be inequitable and an arbitrary dismissal of the plaintiff's right to appeal this case, and that the situation was such that in good conscience, the extension of time should be granted, and the order was therefore signed.

"I will say that if this were a hearing upon the application to grant an extension of time, that upon the showing made by these affidavits, the Court would unhesitatingly so order, * * *.

"That appears to be the equities and justice of the situation, as disclosed by the record here made. The Court therefore declines to set aside the order extending the time.

"* * * the Court is also treating this as a hearing on the application to extend the time, and as indicated, unless further showing is made that would indicate that it should not be granted, it is so ordered, that the extension be granted."

November 6 a hearing was had, after notice, upon appellant's original application of October 16 for extension of time. Appellees made resistance. The evidence was the same as at the hearing of October 30. The order, which granted an extension to January 4, 1957, states:

"The question was then (at the earlier hearing) as to whether or not the signature of Mr. Webber was required in order to give jurisdiction to the Court to enter the order. The Court felt that, as shown by the record made at that time, the counsel for appellant might well have been led to believe that

there would be no problem about this extension, and there would be some conflict as to whether or not the signature of Mr. Dull was conditional (on the) signing by Mr. Webber, and as indicated at that time, the Court felt that it would be an extremely great hardship upon this appellant if her right to appeal were cut off, and it felt that each doubt should be resolved in her favor.

"It is true that it is generally the custom that these extensions are granted by consent of the parties, and in the years since the new rules have been in effect, this is the first hearing that I have had. Always before, the counsel have agreed to the extension, and it has become somewhat of a practice. That is not, however, an entire excuse for the counsel for the appellant waiting until the last day to get this extension granted, but in view of that practice, and in view of the fact that the signature of one of the attorneys was on the stipulation, and recognizing that the real sufferer was this appellant, the Court refused to set aside the extension. It is a serious matter to her. The record shows she was having difficulty in raising the money to pay for the transcript; that it had been finally procured; the Court Reporter was working on the transcript and had it partially completed, and it would be a grave decision to deprive her of that right to appeal."

The Return on Writ of Certiorari shows also that January 3, 1957, over the resistance of appellees, Judge Daugherty, in the absence of Judge Levis, granted appellant an additional extension of time for filing the printed record.

I. Rule of Civil Procedure 342 provides:

"(a) Within ninety days after filing notice of appeal, or such longer time as the trial court may grant on application and hearing, appellant shall file the printed record * * *. * * *

"(d) After an appeal to the supreme court is taken * * * the failure of appellant to take any further steps * * * in the manner and within the time specified in these rules shall be ground for the dismissal of the appeal or for the affirmance * * *. If reasonable excuse be shown for such failure to comply with these rules the supreme court may allow the appeal to stand upon such terms as it deems appropriate."

■ The practice of opposing attorneys joining in stipulations or applications to the trial court for extensions of time for filing the record upon appeal is quite general and is proper. However, such extensions should not be granted as a matter of course and without inquiry into the circumstances. Iowa Rules of Civil Procedure contemplate the disposition of litigation without unnecessary delay. Although their requirements are observed in the preparation for submission of most matters which come to this court, the spirit of the rules is, at times, violated, apparently by mutual consent or agreement of counsel on each side. When it appears a stipulated extension, if granted, would result in unnecessary delay, such extension should be denied or curtailed.

■ This court has frequently passed upon applications for extensions of time to file the record refused by trial courts, as well as motions to dismiss appeals. Under R.C.P. 342(d) such extensions may be granted by us after the expiration of the time fixed by the rule. Hence, we are empowered to grant Maude Duree the extension she applied for October 16, 1956, and such additional extensions as may appear proper. Upon that proposition the ultimate question for determination is whether her inability to promptly pay for the reporter's transcript and the oversight of her attorneys in not applying for the extension before the last day should deprive her of her appeal.

■■ In no case, since R.C.P. 342 was amended by adding subparagraph (d), has this court dismissed an appeal or denied an extension under circumstances comparable to these. The trial court concluded the situation here "is such that, in good conscience, the extension of time should be granted." It is clear the record supports this conclusion. Petitioners make no serious contention to the contrary. They rely upon the technical contention the trial court did not have jurisdiction or the power to grant the extension. Were we to sustain that contention it would avail petitioners nothing because fairness would require that we grant the extension sought by Mrs. Duree. That petitioners have proceeded by certiorari does not render us impotent to presently dispose of the question of allowing the appeal to stand, and thus avoid circuity of procedure. These considerations persuade us that the writ of certiorari should be annulled.

Other propositions presented in the briefs of the parties need not be determined.

Because this proceeding has resulted in further delay in filing the record on appeal the trial court is directed to grant such further extension of time therefor as it may determine is proper.—Writ annulled.

All JUSTICES concur.